IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CRAIG ANDRA MOORE,

    Plaintiff,

v.                                                           CASE NO. 5:10-cv-00005-RS-AK

C. G. ATKINS, et al,

    Defendants.

_____/

## **O R D E R**

Before me are Plaintiff's First Amended Complaint (Doc. 15) and Plaintiff's Motion for Injunctive Relief (Doc. 16).

Having reviewed the First Amended Complaint pursuant to 28 U.S.C. §1915, I find it again fails to state a claim for relief. Plaintiff will be given another opportunity to file an amended pleading, but he should seriously consider that there is presently pending a recommendation that another case of his be dismissed as malicious (Case No. 5:10cv3-RS/EMT) and that the present case, unless more facts are provided in a new pleading, may also be dismissed and will constitute a second strike within the meaning of 28 U.S.C. §1915(g).

As was previously explained to Plaintiff, neither the Secretary of the DOC, Walter McNeil, nor Assistant Warden Atkins are liable based on a "respondeat superior" theory, contrary to Plaintiff's continued assertion that "respondeat superior" was "in effect" and they are responsible for the actions of their employees (Doc. 11). Despite being advised of the law and told not to include these claims, he has again asserted them.

Plaintiff also continues to make conclusory allegations against the other Defendants,

whom he claims have been deliberately indifferent to his medical needs, but he has provided no specific facts to support such claims. From the sketchy facts provided, it appears that Defendant Cox discovered blood in Plaintiff's stool following a colonoscopy and referred him to Defendant Parker for examination. For reasons unexplained, Plaintiff describes Cox as having "coerced" him into being examined by Defendant Parker, and Parker, who understandably examined him rectally since that is where he was bleeding, is purported to have conducted an "involuntary examination" that constituted "sexual misconduct." Then Plaintiff complains that Defendant Fleming, who observed the "sexual misconduct" by Parker, did not report it.

His injuries from this incident are equally vague and seemingly unrelated to the event he complains about. He states that his physical injury occurred *prior* to the sexual misconduct, (abdominal pain from a "taser incident" in 2007), but he also discusses suicidal thoughts resulting from "the pressure and stress along with the overall fear from staff and confinement inmates." If Plaintiff is trying to establish the physical injury requirement necessary to support a claim for damages, he has failed to make the connection. Consequently, Plaintiff must file a second amended complaint if he wishes to go forward with this lawsuit.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

As for the motion for injunctive relief, Plaintiff complains that Defendant Atkins threatened him and that Defendant Parker has made jokes about the sexual incident, and he seeks injunctive relief to prevent his transfer back to Apalachee CI where these two defendants work. Plaintiff currently resides at Lake CI.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). This discretion requires finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four requirements, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

As for relief sought as to these two defendants, Plaintiff has failed to carry his burden of persuasion on any of the four requirements. He has not shown either that the vague threats or jokes would be sufficient to state a claim for relief, i.e. success on the merits, because verbal abuse, threats or even racial slurs are not considered civil rights issues in prison contexts. See

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

Evans v. City of Zebulon, 351 F.3d 485, 496 (11th Cir. 2003), vacated on other grounds; Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same). Further, Plaintiff has not articulated any irreparable injury should he be transferred back to Apalachee CI, and he has also not offered any proof that the threat of being transferred is sufficiently likely as to outweigh the harm caused by this Court by interfering with the operations of the Department of Corrections by dictating to that department who and where inmates should reside. It would certainly disserve the public interest for federal courts to expend valuable court resources in the day to day operations and details of inmate transfer.

      The claims Plaintiff raises in the motion against McNeil, Cox,and Fleming are the same claims asserted in the complaint, and as set forth earlier, do not as yet state any grounds for relief.

      Plaintiff also complains about a disciplinary confinement that was "vindictive". He seeks his release from that confinement, which is not related to the claims in the present lawsuit and concerns persons and events at Lake CI. Those claims should be brought in a separate lawsuit if he wishes to pursue them.

      Finally, the Court does not have jurisdiction over the Department of Justice, the Department of Families and Children, and the Florida Department of Law Enforcement, which

again, are not Defendants in this case, and therefore, I will not order them to investigate his claims.

The other persons named in the motion (Platts and Kemp) are not named parties to this lawsuit. Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim.

**IT IS ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must comply with this Order by **April 24, 2010.**

3. Plaintiff's Motion for Injunctive Relief (Doc. 16) is **denied.**

**ORDERED** on April 8, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**