IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CRAIG ANDRA MOORE**

    **Plaintiff,**

vs.                                                  **CASE NO. 5:10cv5/RS-AK**

**WALTER McNEIL, JOHN
PALMER, HAROLD PARK ER,
COX, C.G. ATKINS, and
FLEMING,**

    **Defendants.**
_____/

## ORDER

Before me is Plaintiff's motion for recusal (Doc. 41).

### Background

Plaintiff Moore filed his first complaint in this case on January 14, 2010. (Doc. 1). On March 9, 2010, I denied Plaintiff's motion for a temporary restraining order and Plaintiff's motion to appoint counsel, and instructed the Clerk to forward to Plaintiff another Section 1983 complaint form and a copy of the local rules so that Plaintiff could amend his complaint to state a claim upon which relief could be granted (Doc. 11). On March 22, 2010, Plaintiff filed his first amended complaint. (Doc. 15). I reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and found that it again failed to state a claim for relief. (Doc. 19). I did not dismiss the case but instructed the Clerk to again forward Plaintiff another

1

Section 1983 form and instructed Plaintiff to amend his complaint not later than April 24, 2010. (Doc. 19). Plaintiff did not file an amended complaint by that date.

On May 6, 2010, I ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute and for failure to comply with the Order that he file his amended complaint not later than April 24, 2010. (Doc. 20). Plaintiff responded to the show cause order on May 21, 2010, (Doc. 21) and filed his second amended complaint (Doc. 22). I reviewed Plaintiff's second amended complaint, and found that it still failed to state a claim on which relief could be granted, despite Plaintiff receiving multiple opportunities to amend his complaint and instructions on what defects in his complaint needed remedying. Therefore, on August 4, 2010, I dismissed the case for failure to state a claim upon which relief can be granted. (Doc. 28). I subsequently denied Plaintiff's "motion for leave to file a motion to alter or amend this Court's sua sponte judgment" (Doc. 31), motion to appoint counsel (Doc. 36), and motion for leave to appeal in forma pauperis (Doc. 39). (Doc. 33, Doc. 37, and Doc. 40). Plaintiff has now filed a motion for recusal based on my denial of his pro se pleadings, and because he believes racial bias exists in all courts in Florida. (Doc. 41).

Plaintiff also references another case that was before me, *Moore v. McNeil, et al.,* 5:10cv3/RS-EMT. Plaintiff filed a complaint in that case on January 12,

2010. (5:10cv3, Doc. 1) On March 3, 2010, Magistrate Judge Timothy issued a report and recommendation that the case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. (5:10cv3, Doc. 14). On March 25, 2010, I granted Plaintiff an extension of time until April 19, 2010, to file a response to the report and recommendation. (5:10cv3, Doc. 17). Plaintiff did not file a response or objections and therefore presented no issues for a de novo review. I approved Magistrate Judge Timothy's report and recommendation on April 21, 2010, and dismissed the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious. (5:10cv3, Doc. 22).

## Analysis

A district court's decision on recusal is reviewed only for an abuse of discretion. *U.S. v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Recusal is governed by two federal statutes: 28 U.S.C. § 144 and § 455. Plaintiff's motion does not meet the strict pleading requirements of § 144, therefore I will consider his motion to be made pursuant to § 455. Under § 455, a judge shall disqualify himself (1) in any proceeding in which is impartiality might reasonably be questioned and (2) when the judge actually has a personal bias. 28 U.S.C. § 455, *see also U.S. v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). However, the bias or prejudice must be personal and extrajudicial. *Amedeo* at 828. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id.*

(citing *Liteky v. U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994)). Where allegations of bias stem merely from disagreement with rulings of a district court, the alleged bias is judicial rather than personal in nature, and recusal is only appropriate where the movant demonstrates "pervasive bias and prejudice". *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Here, Plaintiff's claims of bias are based on adverse rulings, therefore he has only alleged a judicial bias, not a personal bias. Plaintiff's broad allegations of bias due to adverse rulings fail to demonstrate the "pervasive bias and prejudice" required for a recusal based on judicial bias. *See McWhorter* at 678. Therefore, recusal is not warranted.

Furthermore, Plaintiff's general allegations of bias in the judicial system ("the courts in Florida are racially fractured with inconsistencies and partiality"(Doc. 41 at 2)) are not sufficient to cause my impartiality to be reasonably questioned under § 455. The standard of recusal under § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). The relevant inquiry is "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). Plaintiff's blanket allegations of bias in all courts in Florida would not be sufficient

4

to cause an "objective, fully informed lay observer to entertain significant doubt" about my impartiality. Therefore, Plaintiff's motion is without merit and is **denied**.

**ORDERED** on September 20, 2010.

                                             **/s/ Richard Smoak**
                                             **RICHARD SMOAK**
                                             **UNITED STATES DISTRICT JUDGE**